UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYLES J. TOMBLINE and MARIA J. LOPANE, Individually, and on Behalf of a Class of Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 13-cv-04567-CW<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that Section 12.3 below shall govern the process for filing confidential information under seal.

2. **DEFINITIONS**

    2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2    <u>"CONFIDENTIAL" Information or Items</u>: information or items that contain or reflect confidential, non-public, proprietary, commercially sensitive, and/or private information of an individual or entity.

    2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    2.7    <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.8    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    2.9    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

    2.10    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

  2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

  2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

  2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

1  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the
2  time limits for filing any motions or applications for extension of time pursuant to applicable law.

3  5.  DESIGNATING PROTECTED MATERIAL

4  5.1  Exercise of Restraint and Care in Designating Material for Protection. To
5  the extent reasonably possible, each Party or Non-Party that designates information or
6  items for protection under this Order must take care to limit any such designation to
7  specific material that qualifies under the appropriate standards. The parties agree that,
8  where it would not be cost effective to review every document for confidentiality issues,
9  the parties may designate an entire group of documents as confidential including, but not
10 limited to, loan files and other electronically stored information. If the opposing party,
11 upon review, feels that a particular document is not properly confidential, he or she may
12 confer with the Designating Party, which shall withdraw the designation if warranted.
13 Absent agreement the parties may seek Court relief as provided herein.

14 5.2  Manner and Timing of Designations. Except as otherwise provided in this
15 Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or
16 ordered, Disclosure or Discovery Material that qualifies for protection under this Order
17 must be clearly so designated before the material is disclosed or produced.

18 Designation in conformity with this Order requires:

19 (a)  for information in documentary form (e.g., paper or electronic
20 documents, but excluding transcripts of depositions or other pretrial or trial proceedings),
21 that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains
22 protected material. If only a portion or portions of the material on a page qualifies for
23 protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by
24 making appropriate markings in the margins). A Party or Non-Party that makes original
25 documents or materials available for inspection need not designate them for protection until after
26 the inspecting Party has indicated which material it would like copied and produced. During the
27 inspection and before the designation, all of the material made available for inspection shall be
28 deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

1  copied and produced, the Producing Party must determine which documents, or portions thereof,
2  qualify for protection under this Order. Then, before producing the specified documents, the
3  Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected
4  Material. If only a portion or portions of the material on a page qualifies for protection, the
5  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
6  markings in the margins).

7        (b)    for testimony given in deposition or in other pretrial or trial
8  proceedings, Parties or testifying persons or entities may designate all or portions of
9  depositions and other testimony with the appropriate designation by indicating on the
10 record at the time the testimony is given or by sending written notice of which portions of
11 the transcript of the testimony is designated within thirty (30) days of receipt of the final
12 transcript of the testimony. If no indication on the record is made, all information
13 disclosed during a deposition shall be deemed CONFIDENTIAL until the time within
14 which portions of the testimony may be appropriately designated as provided for herein
15 has passed. Any party that wishes to disclose the transcript, or information contained
16 therein, before the time within which it may be appropriately designated as Protected
17 Material has passed, may provide written notice of its intent to treat the transcript as non-
18 confidential, after which time, any Party that wants to maintain any portion of the
19 transcript as confidential must designate the confidential portions within fourteen (14)
20 days, or else the transcript may be treated as non-confidential. Any designated Discovery
21 Material that is used in the taking of a deposition shall remain subject to the provisions of
22 this Protective Order, along with the transcript pages of the deposition testimony dealing
23 with such Discovery Material. In such cases the court reporter shall be informed of this
24 Protective Order. In the event the deposition is videotaped, the original and all copies of
25 the videotape shall be marked by the video technician to indicate that the contents of the
26 videotape are subject to this Protective Order. Counsel for any Producing Party shall have
27 the right to exclude from oral depositions, other than the deponent, deponent's counsel, the
28 reporter and videographer (if any), any person who is not authorized by this Protective

1  Order to receive or access Protected Material based on the designation of such Protected
2  Material. Such right of exclusion shall be applicable only during periods of examination
3  or testimony regarding such Protected Material.

4        (c)    for information produced in some form other than documentary and
5  for any other tangible items, that the Producing Party affix in a prominent place on the
6  exterior of the container or containers in which the information or item is stored the legend
7  "CONFIDENTIAL." If only a portion or portions of the information or item warrant
8  protection, the Producing Party, to the extent practicable, shall identify the protected
9  portion(s).

10      5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure
11  to designate qualified information or items does not, standing alone, waive the Designating
12  Party's right to secure protection under this Order for such material. Upon timely
13  correction of a designation, the Receiving Party must make reasonable efforts to assure
14  that the material is treated in accordance with the provisions of this Order.

15  **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

16      6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation
17  of confidentiality at any time. Unless a prompt challenge to a Designating Party's
18  confidentiality designation is necessary to avoid foreseeable, substantial unfairness,
19  unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party
20  does not waive its right to challenge a confidentiality designation by electing not to mount
21  a challenge promptly after the original designation is disclosed.

22      6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution
23  process by providing written notice of each designation it is challenging and describing the
24  basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the
25  written notice must recite that the challenge to confidentiality is being made in accordance
26  with this specific paragraph of the Protective Order. The parties shall attempt to resolve
27  each challenge in good faith and must begin the process by conferring directly (in voice to
28  voice dialogue; other forms of communication are not sufficient) within 14 days of the date

of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court

rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the court and its personnel;

    (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1      (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    (h)    Translators of or into foreign languages who are not employed by or affiliated with any of the parties, but are retained only to provide translations of any material designated as CONFIDENTIAL, having first agreed to be bound by the provisions of the Stipulated Protective Order by signing a copy of Exhibit A;

    (i)    A vendor hired by a party to collect documents, host data, maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case, if the vendor's employees having access to the data or documents sign the certificate attached as Exhibit A;

    (j)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

    (a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or

1  order is subject to this Protective Order. Such notification shall include a copy of this
2  Stipulated Protective Order; and
3         (c)   cooperate with respect to all reasonable procedures sought to be
4  pursued by the Designating Party whose Protected Material may be affected.
5         If the Designating Party timely seeks a protective order, the Party served with the subpoena
6  or court order shall not produce any information designated in this action as "CONFIDENTIAL"
7  before a determination by the court from which the subpoena or order issued, unless the Party has
8  obtained the Designating Party's permission. The Designating Party shall bear the burden and
9  expense of seeking protection in that court of its confidential material – and nothing in these
10 provisions should be construed as authorizing or encouraging a Receiving Party in this action to
11 disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1 The production of documents (including both paper documents and electronically stored information) subject to protection by the attorney-client, the Bank Examination privilege and/or protected by the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.

11.2 If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party. If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

11.3 The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

11.4 The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

11.5 If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the document returned or destroyed pursuant to this Stipulated Protective Order.

-11-

Case No. 13-cv-04567-CW
[PROPOSED] STIPULATED PROTECTIVE ORDER
SMRH:417534160.2

11.6    The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

11.7    This stipulated agreement set forth in Paragraph 11 and its subparts does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

12.  **MISCELLANEOUS**

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Confidential Information may be filed with the clerk of the Court in connection with motions or other matters pending before the Court in the Action. If the Receiving Party wants to file Confidential Information designated as "CONFIDENTIAL," the Receiving Party shall give notice to the Producing Party not less than two (2) business days prior to filing. Unless the Producing Entity gives its written permission to remove the Confidentiality designation of such documents, which is not to be withheld unless the Producing Party determines that the particular Discovery Material contains sensitive personal, commercial, financial, or business information, or the Court allows otherwise, it shall be filed under seal pursuant to the procedure set forth in Civil Local Rule 79-5 and shall remain sealed while in the office of the clerk so long as it retains its status as Confidential. The Producing Party shall provide the necessary written

1  application and proposed order. Nothing herein shall prevent a Producing Party from
2  filing its own Confidential Information in court, not under seal.
3  13.    FINAL DISPOSITION
4          Within 60 days after the final disposition of this action, as defined in paragraph 4, each
5  Receiving Party must return all Protected Material to the Producing Party or destroy such material.
6  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,
7  summaries, and any other format reproducing or capturing any of the Protected Material. Whether
8  the Protected Material is returned or destroyed, the Receiving Party must submit a written
9  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)
10 by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material
11 that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,
12 abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected
13 Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
14 pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,
15 correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant
16 and expert work product, even if such materials contain Protected Material. Any such archival copies
17 that contain or constitute Protected Material remain subject to this Protective Order as set forth in
18 Section 4 (DURATION).
19 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

21 DATED:   February 28, 2014            s/Jeffrey S. Nobel
                                         Attorneys for Plaintiff

23 DATED:   February 28, 2014            s/Edward D. Vogel
                                         Attorneys for Defendant

25 PURSUANT TO STIPULATION, IT IS SO ORDERED.

27 DATED:   3/4/2014                     Claudia Wilkin
                                         United States District/Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

United States District Court for the Northern District of California, *Myles J. Tombline, et al. v. Wells Fargo Bank, N.A.*, Case No. C 13-04567 CW

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

 I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 501 West Broadway, 19th Floor, San Diego, California 92101-3598.

 On **February 28, 2014**, I served the following document(s) described as **[PROPOSED] STIPULATED PROTECTIVE ORDER**

Electronic Mail Notice List

**The following are those who are currently on the list to receive e-mail notices for this case.**

**Alan R. Plutzik**
Bramson Plutzik Mahler & Birkhaeuser, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
925-945-0200
Fax: 925-945-8792
Email: aplutzik@bramsonplutzik.com

**Jeffrey S. Nobel**
Izard Nobel LLP
29 South Main Street, Suite 215
West Hartford, CT 06107
(860) 493-6292
Fax: 860-493-6290
Email: jnobel@izardnobel.com

**Mark P. Kindall**
Izard Nobel LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
860-493-6292
Fax: 860-493-6290
Email: firm@izardnobel.com

**Robert A. Izard**
Izard Nobel, LLP-CT
29 South Main Street, Suite 305
West Hartford, CT 06107
860-493-6295
Email: rizard@izardnobel.com

**Robert M. Bramson**
Bramson, Plutzik, Mahler & Birkhaeuser LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
925-945-0200
Fax: 925-945-8792
Email: rbramson@bramsonplutzik.com

**Also served on:**

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Seth R. Klein, Esq.
Izard Nobel, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107

SMRH:411989940.1   -1-

| | | |
|---|---|---|
| 1 | ☒ | **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules. |
| 4 | ☒ | **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. |

Executed on February 28, 2014, at San Diego, California.

*Pamela Parker*
_____
PAMELA PARKER