UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYLES J. TOMBLINE, et al.,<br><br>        Plaintiffs,<br>   v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No. 13-cv-04567-JD<br><br>**ORDER ON STIPULATED REQUEST FOR ORDER OF DISMISSAL**<br><br>Re: Dkt. No. 47 |

## INTRODUCTION

Plaintiffs Myles J. Tombline and Maria J. Lopane filed this putative class action alleging interest overcharges by defendant Wells Fargo Bank, N.A. in connection with the prepayment of Federal Housing Administration ("FHA") mortgage loans. On July 28, 2014, the parties stipulated to settle and requested an order of dismissal with prejudice as to the individual claims of Mr. Tombline and Ms. Lopane. The Court ordered the parties to submit a statement regarding the fairness of the settlement to the absent putative class members.

The Court has carefully reviewed the parties' submission. The Court recognizes with appreciation the work the parties did to research the facts and determine the exact scope of the overcharges at issue here. The Court's only concern is that Wells Fargo still has in its possession $7,614.18 in overcharges owed to 11 putative class members. Consequently, the Court preliminarily approves the proposed settlement and dismissal subject to the requirement that Wells Fargo provide notice to the 11 putative class members about claiming their refunds.

**BACKGROUND**

In October 2013, Mr. Tombline and Ms. Lopane filed this putative class action alleging claims against Wells Fargo for breach of contract and a violation of the implied covenant of good faith and fair dealing. Dkt. No. 1. Plaintiffs allege that in connection with the prepayment of their FHA mortgage loans on the first business day of the month, Wells Fargo charged them a full month of additional interest for the next month in order to pay off their loans. *Id.* For example, putative class members who paid off their promissory notes on April 1, 2013 were required to pay interest running to May 1, 2013. *Id.* The complaint alleged jurisdiction in this Court under the Class Action Fairness Act based on diversity of citizenship and an amount in controversy in excess of $5,000,000. *Id*.

On July 28, 2014, the parties submitted a stipulated request for an order of dismissal with prejudice as to the named plaintiffs and without prejudice as to the class action allegations. Dkt. No. 47. The Court held a case management conference on July 31, 2014, and denied the stipulation for dismissal. Dkt. No. 48. Because the Court was concerned about prejudice to absent class members, it ordered the parties to submit a statement regarding the fairness of the settlement to the absent putative class members. *Id.*

On August 15, 2014, the parties submitted a joint statement regarding the fairness of the settlement. Dkt. No. 49. The joint statement provides that the parties agreed to settlement only after Wells Fargo completed an internal investigation, which covered a three-year period -- January 2011 through December 2013 -- and ascertained that during these years, 64,788 Wells Fargo FHA loans nationwide were paid off on the first working day of the month. *Id.* at 3. Wells Fargo overcharged interest on a total of 528 of the 64,788 loans. *Id.* Wells Fargo determined that the additional interest was immediately refunded to borrowers in 505 loans, and in another 12 loans, the interest was not refunded, but was properly applied as a credit to each borrower's loan payoff shortage. *Id.* at 3-4. Wells Fargo still retains $7,614.18 in overcharges paid by the 11 remaining putative class members. *Id.* at 4.

## DISCUSSION

Federal Rule of Civil Procedure Rule 23(e) requires the Court to review and approve a proposed voluntary dismissal, settlement or other compromise of a certified class's claims. The Ninth Circuit has held that Rule 23(e) also applies before certification, but in a much lighter form that does not entail "the kind of substantive oversight required when reviewing a settlement binding upon the class." *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). This holding pre-dates substantial amendments to Rule 23 in 2003, and courts in this district have noted "some uncertainty" about the continued application of Rule 23(e) to pre-certification settlement proposals in the wake of the 2003 amendments. *See, e.g., Lyons v. Bank of America, NA*, No. C 11-1232 CW, 2012 WL 5940846, at *1 n.1 (N.D. Cal. Nov. 27, 2012). But our decisions have "generally assumed that it does" apply, *id*., and this Court will follow *Diaz* to evaluate the proposed settlement and dismissal here. The Court finds that this approach is consistent with Rule 23(e) as it exists today. It also strikes the right balance between the full-bore fairness review for settlement of certified class claims, and doing nothing at all to ensure that putative class members are protected from collusive deals and not sacrificed for convenience when named representatives decide to settle their claims individually.

To determine whether pre-certification settlement or dismissal is appropriate, the Court must assess potential prejudice to the absent putative class members from: (1) "possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances"; (2) "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations"; and (3) "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz*, 876 F.2d at 1408. "The central purpose of this inquiry is to 'determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members.'" *Lyons*, 2012 WL 5940846, at *1 (citing *Mahan*, 2010 WL 4916417, at *3).

*Diaz* also held that the Court may require notice to putative class members of a proposed dismissal or compromise. *Diaz*, 876 F.2d at 1408-09. The Ninth Circuit emphasized that notice "to the class of pre-certification dismissal is not, however, required in all circumstances" and that

3

1  requiring notice should not trump the general judicial policy of favoring settlements. *Id*. But the
2  court also found that "[v]ery few cases involving a pre-certification dismissal have actually held
3  notice not required." *Id*. at 1411. Taken as a whole, *Diaz* indicates that notice should be given in
4  any circumstance where putative class members might be subject to prejudicial or unfair impacts.
5  *Id*. at 1410-11.

6  The Court finds that the parties have, for the most part, satisfied the conditions in *Diaz* for
7  settlement and dismissal. As an initial matter, the parties did not provide the Court with the
8  proposed settlement agreement. But under the parties' description of their agreement, Mr.
9  Tombline and Ms. Lopane would voluntarily dismiss all claims against Wells Fargo with
10 prejudice. Dkt. No. 49 at 1. The putative class claims would be dismissed without prejudice. *Id.*

11 Turning to the first *Diaz* factor, there is no evidence that absent class members have relied
12 on the filing of this action. "[T]he danger of reliance is generally limited to actions that would be
13 considered of sufficient public interest to warrant news coverage of either the public or trade-
14 oriented variety, and such reliance can occur only on the part of those persons learning of the
15 action who are sophisticated enough in the ways of the law to understand the significance of the
16 class action allegation." *Mahan*, 2010 WL 4916417, at *3 (internal quotations and citation
17 omitted). Plaintiffs' counsel represents that the case did not garner any news coverage at all, and
18 that no one purporting to be a putative class member contacted plaintiffs' counsel about this case.
19 *See* Dkt. No. 49 at 6.

20 The parties also represent that no putative class member will face a short fuse on pursuing
21 the claims to be dismissed. Specifically, the parties state that a bar is not about to fall under an
22 imminent limitations period. To the contrary, they state that the filing of the class action
23 complaint tolled the statute of limitations, which will not resume running until Mr. Tombline's
24 and Ms. Lopane's class claims are dismissed. *See Tosti v. City of Los Angeles*, 754 F.2d 1485,
25 1488 (9th Cir. 1985); *Hanni v. Am. Airlines, Inc.*, No. C 08-00732 CW, 2010 WL 1576435, at *3
26 (N.D. Cal. Apr. 19, 2010).

27 With respect to possible collusion, there is no evidence that the settlement was made by the
28 class representatives or their counsel in order to further their own interests. The dismissal of the

4

class claims is without prejudice. Because the settlement does not prevent putative class members from pursuing claims, they are not likely, as a general matter, to be prejudiced. *See Houston v. Cintas Corp.*, No. C 05–3145 JSW, 2009 WL 921627, at *2 (N.D. Cal. Apr. 3, 2009).

The *Diaz* factors are, in the main, satisfied in favor of court approval. But a final issue militates against immediate approval and dismissal of the action. The parties' investigation determined that Wells Fargo still retains $7,614.18 in overcharges due to 11 individuals. This money is earmarked for repayment and is just waiting to be claimed. Simply casting these 11 individuals to the wind, when the parties know who they are and what they are owed, would be an unduly prejudicial and unfair result from approving the proposed dismissal as-is.

Consequently, the Court directs Wells Fargo to notify the 11 individuals of the proposed dismissal and how they can get a repayment. Within 30 days of sending out the notice, the parties will jointly report to the Court on the status of the responses to the notice. At that time, the Court will issue a final dismissal of the case.

**IT IS SO ORDERED.**

Dated: October 10, 2014

_____
JAMES DONATO
United States District Judge